IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS YOUNG,

                Petitioner,                Case No. 4:13 CV 220

   -vs-

                                            <u>MEMORANDUM OPINION</u>

CHRISTOPHER LAROSE,

                Respondent.

KATZ, J.

      Curtis Young, a pro se Ohio prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Kathleen B. Burke for findings of facts, conclusions of law, and recommendations. The Magistrate Judge issued a report recommending that the Court deny Young's petition. This matter is before the Court pursuant to Young's timely objections to the Magistrate Judge's report.

      In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo review of the Magistrate Judge's outstanding report. For the reasons stated below, the Court adopts the report in its entirety and denies Young's petition for a writ of habeas corpus.

      Pursuant to the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on

a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id.* To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir.), *cert. denied*, 134 S. Ct. 693 (2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

In reviewing the state court record and Young's habeas corpus petition, the Court finds that Young has not shown that the decisions of the state courts of Ohio were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or the decisions were based on an unreasonable determination of the facts in light of the evidence presented to the state courts as required by § 2254(d).

The Court wishes to take the opportunity to clarify the record regarding Young's fourth ground for relief. In his brief before the Ohio Court of Appeals, Young asserted that his due process rights under the Fourteenth Amendment were violated because his convictions for aggravated murder were against the manifest weight of the evidence. In addition, the jury's verdict was inconsistent with the evidence and testimony presented at trial. (Doc. No. 7-1, p. 134). In his brief, however, Young fails to refer to any decision from the United States Supreme Court or any federal court. Rather, his arguments are based solely on decisions from the Ohio Court of Appeals and the Ohio Supreme Court. (Doc. No. 7-1, pp. 134–45).

The Ohio Court of Appeals addressed the issue strictly as a matter of state law. *State v. Young*, No. 09 MA 100, 2011 WL 2149280, at *12–13 (Ohio Ct. App. May 25, 2011). In his memorandum in support of jurisdiction to the Ohio Supreme Court, Young claims that his convictions were against the manifest weight of the evidence in violation of § 3(B)(3), Article IV of the Ohio Constitution. (Doc. No. 7-1, p. 233).

In his habeas corpus petition, Young again explicitly raises the issue as a violation of Ohio's Constitution, just as he did before the Ohio Supreme Court. (Doc. No. 1, p. 9). Violations of state law or state procedures are not normally cognizable in habeas corpus proceedings. *Mijkovic v. Woods*, 517 F. App'x 392, 393 (6th Cir. 2013). A federal court may grant habeas corpus relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. Here, the state courts of Ohio decided Young's case strictly under the state laws of Ohio. The state courts did not rely on any decision from the Supreme Court. Therefore, under § 2254(d)

3

and *Williams*, Young's petition has not established an unreasonable application of federal law so as to warrant habeas corpus relief.

For the first time in his objections to Magistrate Judge Burke's report, Young contends that his convictions are not supported by the weight of the evidence, citing *In re Winship*, 397 U.S. 358 (1970), and *Jackson v. Virginia*, 443 U.S. 307 (1979). Young is too late in attempting to now raise his argument as a violation of federal law. *See McMeans v. Brigano*, 228 F.3d 674, 684 (6th Cir. 2000).

Accordingly, the petition for a writ of habeas corpus is denied. For the reasons set forth above, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE